**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

| | |
|---|---|
| **CHELSEY TAYLOR**, on behalf of herself and others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) ) ) |
| vs. | ) ) **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **VERSAILLES REHABILITATION AND HEALTHCARE CENTER LLC**, | ) ) ) |
| -and- | ) **JURY DEMAND INCLUDED HEREON** ) ) |
| **CROWN HEALTHCARE MANAGEMENT LLC**, | ) ) ) |
| -and- | ) ) |
| **CROWN HEALTHCARE GROUP LLC**, | ) ) |
| Defendants. | ) |

Representative Plaintiff Chelsey Taylor ("Representative Plaintiff"), for her Collective and Class Action Complaint against Defendants Versailles Rehabilitation and Healthcare Center LLC ("Defendant Versailles"), Crown Healthcare Management LLC ("Defendant Crown Management"), and Crown Healthcare Group LLC ("Defendant Crown Group") (jointly and severally, "Defendants"), states and alleges as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA") and Ohio R.C. 4113.15.

2. Representative Plaintiff brings this FLSA collective action on behalf of herself and other similarly situated persons who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and Ohio R.C. 4113.15, individually, and on behalf of other similarly situated employees employed by Defendants in Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant Versailles' principal places of business is in this district and division, and a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Greenville, Ohio (Darke County).

8. Representative Plaintiff has been jointly employed by Defendants as an hourly, non-exempt State Tested Nursing Assistant ("STNA") for the last three years. Defendants paid Representative Plaintiff through Defendant Versailles.

9. At all relevant times, Representative Plaintiff regularly worked 40 or more hours per workweek.

10. Representative Plaintiff brings this action on behalf of herself and those similarly situated, and her written consent is attached as **Exhibit A**.

11. Defendants Versailles and Crown Management are Ohio limited liability companies.

12. Defendant Versailles principal place of business is 200 Marker Road, Versailles, Ohio 45380 (Darke County).

13. Defendant Crown Group is a Delaware limited liability company registered to do business in Ohio.

14. All Defendants can be served through their shared Ohio registered agent: Kevin Daubenmire, at 2725 Paddock Drive, Akron, OH 44333.

## FACTUAL ALLEGATIONS

**A. Defendants are joint employers of Plaintiff and those similarly situated, or, alternatively, Defendants Crown Management and/or Crown Group are liable successors.**

15. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Plaintiff and those similarly situated.

16. Alternatively, Defendants Crown Management and Crown Group are jointly and severally liable for the overtime violations alleged herein under the concept of successor liability.

17. Defendants Crown Management and Crown Group jointly operate as "a family owned company, providing short and long-term skilled nursing services. Through [their] affiliated entities, [they] own and operate SNF, ALF, IL and other healthcare facilities across five states, with [their] primary focus in the Ohio market."[1]

18. In or around 2018, Defendant Crown Group acquired Defendant Versailles.[2]

---

[1] https://chcgrp.com/ (last viewed 2/17/2023).

[2] https://www.dailyadvocate.com/2018/10/11/crown-healthcare-group-buys-versailles-health-care-center-for-7-1-million/ ("Crown Healthcare Group has acquired Versailles Health Care Center from Covenant Care in a $7.1 million purchase. As a result of the sale and with plans for

19. Defendant Crown Group acquired a number of other Dayton, Ohio locations, including Troy Rehabilitation and Healthcare Center LLC ("Troy Rehab"), located at 512 Crescent Drive, Troy, Ohio 45373 (Miami County).[3]

20. Defendants hold themselves out to the public as sharing identical, or nearly identical, marketing, company logos, and websites, along with Troy Rehab.[4]

21. For example, Defendant Versailles and Troy Rehab publicize the same exact employee testimonials, verbatim.[5]

22. Upon information and belief, Defendant Versailles shares employees with Troy Rehab when coverage is needed.

23. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditional of employment for Representative Plaintiff and those similarly situated.

24. At all relevant times, Defendants shared direct or indirect control and authority over the working conditions of Representative Plaintiff and those similarly situated.

---

added services, Versailles Health Care will now be known as Versailles Rehabilitation and Health Care Center. The center can house almost 100 residents for long-term care, in addition to performing outpatient therapy, Executive Director Lindsey Gehret said.") (last viewed 2/17/2023). *See also* https://skillednursingnews.com/2018/12/crown-healthcare-group-acquires-ohio-facility-wisconsin-snfs-1m-upgrades/ (last viewed 2/17/2023).

[3] https://www.bizjournals.com/dayton/news/2021/06/24/new-lebanon-rehabilitation-and-healthcare-center.html ("Crown Healthcare owns and operates several other skilled care properties in the Dayton area, including similarly named communities in Springfield, Fairborn, Troy and Versailles.") (last viewed 2/17/2023).

[4] *Compare e.g.*, https://chcgrp.com, https://versaillesrehab.com/careers, and https://troycarecenter.com/careers (last viewed 2/17/2023).

[5] Compare https://versaillesrehab.com/careers with https://troycarecenter.com/careers/ (2/17/23)

25. At all relevant times, Defendants shared authority and control over Representative Plaintiff and similarly situated employees.

26. Defendants suffered or permitted Representative Plaintiff and similarly situated employees to perform work that resulted in missed or interrupted meal breaks even though Defendants still deducted such time from their work hours.

27. As joint employers, Defendants jointly hire and fire employees, supervise and control the work scheduled and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

28. The work performed by Representative Plaintiff and similarly situated employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are collectively the joint employers of Representative Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

29. At all relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Representative Plaintiff and similarly situated employees.

30. At all relevant times, Defendants exercised shared authority and control over Representative Plaintiff and similarly situated employees.

31. At all relevant times, Defendants have shared the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

32. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendants'

locations, including policies, practices, and procedures relating to the payment of wages, overtime, meal break deductions, and timekeeping.

**B. Defendants failed to pay Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime and unpaid regular wages on a semi-monthly basis.**

33.     At all relevant times, Defendants jointly suffered or permitted Representative Plaintiff and other similarly situated employees to perform work that resulted in missed or interrupted meal breaks even though Defendants still deducted such time from their work hours. The work that Representative Plaintiff and other similarly situated employees performed during the missed or interrupted meal breaks was for Defendants' benefit.

34.     Defendants operate, control, and employ employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

35.     At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with applicable federal and Ohio wage and overtime laws.

36.     At all relevant times, Defendants employed hourly, non-exempt employees, including, but not necessarily limited to hourly STNAs, such as Representative Plaintiff and similarly situated employees.

37.     At all relevant times, Representative Plaintiff and those similarly situated worked 40 or more hours per workweek.

38.     At all relevant times, Defendants knew that they were required to pay the Representative Plaintiff and those similarly situated for all hours worked and to pay them all of their overtime compensation.

6

39. At all relevant times, Defendants had a company-wide policy and practice of automatically deducting 30 minutes from the daily work hours of Representative Plaintiff and those similarly situated for meal breaks.

40. As common in the healthcare industry, Defendants' facilities were regularly understaffed and Representative Plaintiff and similarly situated employees were too busy with work to either take a meal break or had their meal breaks interrupted by work duties. Nonetheless, Defendants still automatically deducted a 30-minute meal break from their daily work hours which resulted Representative Plaintiff and those similarly situated not being paid all regular wages and not being paid all of their overtime compensation in violation of the FLSA and Ohio law.

41. Defendants knowingly and willfully failed to pay Representative Plaintiff and those similarly situated for the time they spent working during the automatically deducted meal breaks. For example, it is not uncommon for management and supervisors to express annoyance with employees for missing their lunches because of work duties, and often when these employees asked for help from the same managers or supervisors, the employees are told they are too busy themselves to help the employees.

## COLLECTIVE ACTION ALLEGATIONS

42. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former hourly employees who were employed by Defendants, who worked 40 or more hours, and who were subject to Defendants' automatic lunch deductions in any workweek during the period from three (3) years**

7

**preceding the filing of this Complaint through the final disposition of this matter.**

44. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that: (1) they were hourly, non-exempt employees of Defendants; (2) they were entitled to payment of overtime compensation for hours worked in excess of 40 hours per workweek; (3) they were subjected to and injured by Defendants' unlawful practice of automatically deducting a 30-minute meal break from their daily work hours even when they took no break or their breaks were interrupted by work duties; and (4) they have the same claim for unpaid unpaid overtime, liquidated damages, attorneys' fees, and costs.

45. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

46. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

47. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former hourly employees who were employed by Defendants, who worked 40 or more hours, and who were subject to Defendants' automatic lunch deductions in any workweek during the**

> **period from two (2) years preceding the filing of this Complaint through the final disposition of this matter.**

49. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendants have maintained, and were required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

50. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Representative Plaintiff and other Class members for the time they spent working through their missed and/or interrupted unpaid meal breaks?
>
> Whether Defendants' failure to pay Representative Plaintiff and other class members for the time they spent working through their meal breaks resulted in unpaid overtime compensation and/or not being paid on a semi-monthly basis?
>
> Whether Defendants kept adequate records of the hours worked by Representative Plaintiff and the other class members?

51. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other class members.

52. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

53. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all Ohio Class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

55. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

57. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA.

58. At all times relevant, Defendants were joint "employers" within the meaning of the FLSA.

59. At all times relevant, Defendants were, individually and jointly, enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

60. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

61. The FLSA requires that Defendants' non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

62. At all times relevant, Defendants jointly employed the Representative Plaintiff and the FLSA Collective Members as non-exempt employees.

63. Representative Plaintiff and the FLSA Collective Members regularly worked 40 or more hours per workweek.

64. As non-exempt employees, Representative Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

65. Defendants violated the FLSA with respect to the Representative Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over 40 hours in a workweek because of Defendants' companywide policy of automatically deducting a 30-minute meal break from the Representative Plaintiff's and the FLSA Collective Members' daily work hours for meal breaks that were not taken or meal breaks that were interrupted by work duties.

66. At all relevant times, Defendants knew that they were required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

67. By engaging in the practice described herein, Defendants willfully violated the FLSA.

68. As a result of Defendants' violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due

11

to them pursuant to the FLSA. Accordingly, Representative Plaintiff and the FLSA Collective Members are entitled to their unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## COUNT TWO
**(Ohio Class - Overtime Violations)**

69. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70. Representative Plaintiff brings this claim for violation of the OMFWSA on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

71. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the OMFWSA.

72. At all times relevant, Defendants were joint "employers" covered by the OMFWSA.

73. The OMFWSA requires that Defendants' non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

74. At all relevant times, Defendants employed the Representative Plaintiff and the Ohio Class Members as non-exempt employees.

75. Representative Plaintiff and the Ohio Class Members regularly worked 40 or more hours per workweek.

76. As non-exempt employees, Representative Plaintiff and the Ohio Class Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

77. Defendants violated the OMFWSA with respect to the Representative Plaintiff and the Ohio Class by failing to pay overtime for all hours worked over 40 hours in a workweek because of Defendants' companywide policy of automatically deducting a 30-minute meal break deduction from the Representative Plaintiff's and the Ohio Class Members' daily work hours for meal breaks that were not taken at all or meal breaks that were interrupted by work duties.

78. Defendants' violations of the OMFWSA injured Representative Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to Ohio law. Accordingly, Representative Plaintiff and the FLSA Collective Members are entitled to their unpaid overtime compensation, attorneys' fees and costs.

**COUNT THREE**
**(Ohio Class - Failure to Pay Wages on a Semimonthly Basis)**

79. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80. Ohio R.C. 4113.15(A) requires that Defendants pay Representative Plaintiff and the Ohio Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

81. There is no dispute that Defendants have an obligation to pay employees for all hours worked, including regular wages. However, Defendants did not pay Plaintiff and the Class all wages earned for all work performed during their workdays.

82. Representative Plaintiff and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday and therefore not all wages earned have been paid on a semi-monthly basis in violation of Ohio R.C. 4113.15.

83. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

84. As a result of Defendants' willful violation, Representative Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio R.C. 4113.15.

## PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a Rule 23 class action;

C. Enter judgment against Defendants, jointly and severally, and in favor of Representative Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class actual damages for unpaid wages;

E. Award Representative Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages;

F. Award Representative Plaintiff and the Ohio Class unpaid wages remaining unpaid on a semi-monthly basis, plus liquidated damages in an amount equal to six per cent (6%) of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

H. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class attorneys' fees, costs, and disbursements; and,

I. Award Representative Plaintiff, the Opt-Ins who join, and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar # 0086195)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (OH Bar # 0074304)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

*Counsel for Plaintiff*